UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROBERT COHEN, individually, and
ACCESS FOR THE DISABLED, INC.,
A Florida Not-For-Profit Corporation,

    Plaintiffs,

vs.                                    CASE NO. 8:11-cv-01087-VMC-TBM

I'M BACK, INC. d/b/a 8 BALL LOUNGE
and ALIK BATSIAN,

    Defendants.
_____/

## CONSENT DECREE

    This Consent Decree is entered into by and between Robert Cohen and Access for the Disabled, Inc. (hereinafter referred to as "Plaintiffs"), and I'm Back, Inc., and Alik Batsian (hereinafter referred to as "Defendants"), on the date last executed below.

    WHEREAS Plaintiffs filed the action captioned above against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 USC 12181, *et seq.* (ADA), pursuant to which Plaintiffs sought a permanent injunction and attorney's fees and costs; and

    WHEREAS the Defendants' place of public accommodation (PPA) is located in Sarasota County, Florida, and Plaintiffs allege that barriers to access exist at the Defendants' PPA and that the removal of those barriers to access is readily achievable; and

    WHEREAS the Defendants desire to settle this action to avoid further expense and uncertainty, and Defendants do not admit all of the allegations of the Plaintiffs' Complaint, but recognize that the Plaintiffs may prevail and receive some of the relief on the merit of the claim, although Defendants' facility pre-dates the ADA and therefore is not required to comply with

Exhibit A

Appendix A to 28 Part 36 (the "ADAAG") requirement for new construction. In consideration for resolving all matters of dispute, the parties have agreed to the following terms and conditions subject to the Court's entry of an Order approving and entering the Consent Decree.

THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties have agreed to settle their dispute upon the following terms and conditions:

1. A final property re-inspection conducted by Plaintiffs' representatives will take place within the five (5) months following the deadline for completing modifications, to ensure that the modifications to the PPA for barrier removal have been completed. Unless otherwise indicated in this Agreement, the completion date for all modifications shall be twelve months from the date this Agreement is executed by both parties.

2. Defendants shall pay Plaintiffs' counsel, Daniel B. Reinfeld, P.A., Six Thousand Dollars and zero cents ($6,000) for Plaintiffs' reasonable attorney's fees, litigation expenses and costs incurred in this matter. This payment will be made within ten (10) days of receipt of Plaintiffs' execution of this document and receipt of the executed document by defense counsel.

3. The parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Consent Decree.

4. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successors and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

5. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorney's fees, costs and expert fees.

6. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successors. The parties shall perform their obligations under the Consent Decree in good faith. The associational or corporate parties to this Consent Decree stipulate and represent that they are valid and in good standing in this State and are authorized to conduct business in this State and that they have the authority to execute and deliver this Consent Decree and perform the obligations herein. The individual parties represent that they are over the age of eighteen years of age and legally competent. All parties stipulate that they are executing this Consent Decree of their own free will and have not relied on any other promises other than those in this Consent Decree.

7. The parties agree that any delays in completing the modifications to the property as provided for in the Consent Decree, caused by Defendants' financial difficulties or by third parties, including, but not limited to, construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates contained herein as long as the Defendants or their counsel provide written documentation to Plaintiffs' counsel regarding the aforementioned delays and Defendants subsequently make a good faith effort to effect implementation as soon as reasonably possible thereafter.

8. Upon the Court's approval of this Consent Decree, Plaintiffs hereby release and discharge Defendants and their officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had or may claim to have had arising under the Americans with Disabilities Act in the above-styled action. The parties agree to execute any

other reasonable supplementary documents necessary or appropriate to give full force and effect of this Agreement. Defendants acknowledge that they may be eligible for tax credits for their costs associated with modifying the PPA pursuant to the appropriate provisions of the tax code.

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG except where the Florida Accessibility Code (1999 edition) exceeds or materially changes the specification of the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG. The parties acknowledge that conformance to the ADAAG or the Florida Accessibility Code Standards in completing the modifications described below is readily achievable. Completion of the modifications pursuant to the ADAAG shall be considered full compliance with this Consent Decree. The parties also acknowledge that the requirements of the Florida Accessibility Code may exceed those of the ADAAG in certain instances and in those instances the Defendants shall complete their modifications pursuant to the Florida Accessibility Code.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signature.

11. Both parties acknowledge that the parking lot and sidewalk outside of the PPA are not owned by the Defendants are not legally authorized to make changes to these areas. In light of the foregoing, Defendants shall modify the Eight Ball Lounge, located at 3527 Webber Street, Sarasota, Florida 34239, as follows:

**Entrance:**

a) Provide an outside ringer that will allow those requiring assistance to alert employees inside that someone outside needs assistance and provide a sign to reflect the same.

b) Relocate the cigarette vending machines away from the bathrooms, to provide maneuvering clearances.

c) Replace the handle at the exterior door with a loop-type pull handle.

d) Adjust the door closer at the exterior door to require no more than 8 ½ pounds of push or pull force to open. Ensure that the closer has a "delayed-action" feature. Adjust the sweep period of the door closer such that the leading edge of the door takes at least 3 seconds to move from an open position of 70 degrees to a point 3 inches from the latch.

**Men's Restroom:**

e) Remove the sign from the toilet room door and relocate it in compliance with ADAAG 4.30, mounted on the wall adjacent to the latch side of the door.

f) Adjust the door closer to require no more than 5 pounds of push or pull force to open. Ensure that the closer as a "delayed-action" feature. Adjust the sweep period of the door closer such that the leading edge of the door takes at least 3 seconds to move from an open position of 70 degrees to a point 3 inches from the latch.

g) Replace the floor-mounted water closet with one that has the flush valve on the wide side of the toilet area. It may be possible to replace the tank and flush valve only.

h) Relocate the toilet paper dispenser so that it is no more than 36 inches from the rear wall and no less than 19 inches AFF.

**Women's Restroom:**

i) Remove the sign from the toilet room door and relocate it in compliance with ADAAG 4.30, mounted on the wall adjacent to the latch side of the door. The centerline of the sign must be 60 inches AFF.

j) Adjust the door closer to require no more than 5 pounds of push or pull

    force to open. Ensure that the closer as a "delayed-action" feature. Adjust the sweep period of the door closer such that the leading edge of the door takes at least 3 seconds to move from an open position of 70 degrees to a point 3 inches from the latch.

k) Replace the floor-mounted water closet with one that has the flush valve on the wide side of the toilet area. It may be possible to replace the tank and flush valve only.

l) Relocate the toilet paper dispenser so that it is no more than 36 inches from the rear wall and no less than 19 inches AFF.

**Lounge Area**

m) Post a sign that service will be provided at accessible tables for those requiring assistance. Implement a policy with all staff that if someone requests assistance or clearly is in need of assistance, that services will be provided away from the bar.

12. Defendants shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Americans with Disabilities Act; notwithstanding same, Defendants shall not be in default herein in cases where there are isolated or temporary interruption in service or access due to maintenance or repairs.

13. This Consent Decree shall be in full force and effect for a period of fifteen (15) months after the date of entry of an Order approving this Consent Decree. The Court shall retain jurisdiction of this action to enforce provisions of this Order during this time period.

  IN WITNESS WHEREOF, the parties hereto execute this Consent Decree, resolving and settling the above-captioned action, to be effective on the date upon which the last signatories execute this Consent Decree.

**ROBERT COHEN**

_____  Date:_____

**ACCESS FOR THE DISABLED, INC.**

By:_____  Date:_____

Its:_____

**I'M BACK, INC.**

By:_____  Date:_____

Its:_____

**ALIK BATSIAN**

_____  Date:_____

**ROBERT COHEN**

_____     Date:_____

**ACCESS FOR THE DISABLED, INC.**

By:_____     Date:_____

Its:_____

**I'M BACK, INC.**

By: *A. Batsian*     Date: 6.20.11

Its:_____

**ALIK BATSIAN**

*A. Batsian*     Date: 6.20.11

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of June 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record